# United States District Court
# District of South Carolina

| | |
|---|---|
| Elijah White *(aka Elijah Jerome White)*, #92738-071; ) | C/A No. 3:05-2342-PMD-JRM |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| M. Hamidullah, Warden; and Henry McMaster, Attorney ) | |
| General for South Carolina; ) | |
| ) | |
| Respondents. ) | |
| ) | |

The Petitioner, Elijah White (hereafter, the "Petitioner"), is a federal prisoner, proceeding *pro se,* who attacks prior state convictions under Title 28 United States Code Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at the Estill Federal Correctional Institution (FCI-Estill) in Estill, South Carolina. In October, 1998, he entered guilty pleas in this Court to narcotics conspiracy charges and was sentenced to 360 months imprisonment. See United States v. Deliz, et al., 2:98-0455, *aff'd sub nom*, U.S. v. White, 54 Fed. Appx 576 (4th Cir. 2002).

At the time of his prosecution in this Court, Petitioner had prior convictions in South Carolina based upon guilty pleas entered in July, 1993. He lists them as follows: State v. White, 92-GS-10-0514 (cocaine possession), 92-GS-10-0515 (resisting arrest), 92-GS-10-0516 (PWID

1

crack) and 92-GS-10-2723 (PWID cocaine). In United States v.White, supra, the Fourth Circuit noted that certain unspecified prior convictions bore on his sentence in this Court. See 54 Fed. Appx at 578.

Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced this action on August 9, 2005, twelve years after his state court convictions. Petitioner seeks *habeas corpus* relief from his 1993 convictions on the basis that he was denied effective assistance of counsel in entering his guilty pleas and also that the narcotics indictments were defective for failing to set forth the drug quantities.

On August 19, 2005, the undersigned filed an order directing Petitioner to answer Special Interrogatories. [3-1.] The questions were designed to determine whether or not Petitioner had sought appellate review or made any collateral attack upon his 1993 convictions prior to filing this federal *habeas corpus* petition. The Special Interrogatories advised Petitioner that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 imposed a one year statute of limitations on § 2254 petitions and directed him to provide explanations for any delay which exceeded twelve months from the date upon which his convictions became final.

On September 1, 2005, Petitioner filed his responses. [6-1.] He acknowledges that he did not appeal any of his state court convictions. Petitioner states that on April 8, 2002, he filed a Post-Conviction Relief (PCR) application in the Court of Common Pleas for Charleston County. See White v. State, 2002-CP-10-1542. His application was denied on April 1, 2003, and Petitioner reports that a Petition for Writ of Certiorari was denied by the South Carolina Supreme Court on January 6, 2005. Petitioner did not explain the passage of more than eight years from the date of his convictions until he sought collateral relief in state court.

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## § 2254 PETITION IS TIME-BARRED

The petition is untimely under 28 U.S.C. §2244(d). The AEDPA took effect as a statute of limitations for federal *habeas corpus* relief on April 24, 1996:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A one year "grace period" from the AEDPA effective date has been judicially recognized for petitioners whose convictions became final prior thereto. Crawley v. Catoe, 257 F. 3d 395 (4th Cir. 2001); Spencer v. Sutton, 239 F. 3d 626 (4th Cir. 2001); Hernandez v. Caldwell, 225 F. 3d 435 (4th Cir. 2000); Harris v. Hutchinson, 209 F. 3d 325 (4th Cir. 2000); Brown v. Angelone, 150 F. 3d 370 (4th Cir. 1998). Under the AEDPA, and these court decisions, therefore, Petitioner could have sought *habeas corpus* relief in this Court at any time before April 24, 1997. He did not.

The United States Supreme Court and decisions of the Fourth Circuit have treated this statute of limitations as being subject to equitable tolling. Lindh v. Murphy, 521 U.S. 320 (1997). Between April, 1997, and the commencement of Petitioner's PCR application in April, 2002, nearly five years passed. The Special Interrogatories provided Petitioner opportunity to explain the delay. Petitioner declines to give this Court any grounds for equitable tolling of the AEDPA statute of limitations. Therefore, equitable tolling of the AEDPA statute of limitations should not be granted in this case.

The United States Court of Appeals for the Fourth Circuit has mandated extra caution in *sua sponte* dismissals of untimely petitions under AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F3d 244, 249 (4th Cir. 2003); Hill v. Braxton, 277 F3d 701 (4th Cir. 2002). With these guidelines in mind, the undersigned concludes that Petitioner has received

sufficient notice and opportunity to explain his belated petition for *habeas corpus* relief.  This action should be dismissed.

### RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file an answer.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The petitioner's attention is directed to the notice on the next page.

    Respectfully submitted,

    s/Joseph McCrorey
    United States Magistrate Judge

September 7, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
