IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Elijah White #92738-071, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No.: 3:05-2342-PMD-JRM |
| ) | |
| M. Hamidullah, Warden; and ) | **ORDER** |
| Henry McMaster, Attorney General ) | |
| for the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the court upon the United States Magistrate Judge's recommendation that Petitioner's motion for a writ of habeas corpus be dismissed without prejudice and without requiring respondents to file an answer. The record contains a report and recommendation of the magistrate ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner White has filed timely objections to the R&R.

## **BACKGROUND**

Petitioner White is a federal prisoner incarcerated at the Estill Federal Correctional Institute (FCI-Estill) in Estill, South Carolina. In October of 1998, White was convicted pursuant to a plea agreement of conspiracy with intent to distribute cocaine, and he was sentenced to 360 months imprisonment. *See United States v. Deliz, et al*, 2:98-0455, *aff'd sub nom*, *United States v. White*, 54 Fed.Appx. 576 ( 4th Cir. 2002). In *White*, the Fourth Circuit Court of Appeals noted that certain prior unspecified convictions affected his sentence; White had the following prior state court convictions based on guilty pleas entered in July of 1993: *State v. White*, 92-GS-10-0514 (cocaine possession); 92-GS-10-0515 (resisting arrest); 92-GS-10-0516 (possession with intent to distribute

crack); and 92-GS-10-2723 (possession with intent to distribute cocaine). On August 9, 2005, twelve years after these state court convictions, White, proceeding *pro se*, filed this habeus corpus petition. Specifically, White attacks these prior state court convictions on grounds that he was denied effective assistance of counsel and that the narcotics indictments were defective for failing to set forth the drug quantities.

On August 19, 2005, the Magistrate Judge filed an Order directing White to answer special interrogatories. These interrogatories advised White of the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations and directed White to explain any delay in filing his petition.

On September 1, 2005, White filed responses to the special interrogatories. Specifically, White stated that on April 8, 2002, he filed a Post-Conviction Relief ("PCR") application in the Court of Common Pleas for Charleston County. *See White v. State*, 2002-CP-10-1542. This application was denied on April 1, 2003, and the South Carolina Supreme Court denied his writ of certiorari on January 6, 2005. In his answers to the special interrogatories, White did not explain the passage of more than eight years from the date of his convictions until he first sought collateral review in state court.

## STANDARD OF REVIEW

The court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.* After a *de novo* review of the entire record, including the R&R and White's

objections, the court concludes that the R&R sets forth the relevant facts and applies the correct principles of law. Accordingly, the court adopts the R&R in full and specifically incorporates it into this Order.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The statute also provides for tolling of the statute of limitations during the pendency of PCR and collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

The AEDPA's statute of limitations took effect on April 24, 1996. The Fourth Circuit has recognized a one year "grace period" from the AEDPA effective date for petitioners whose convictions became final prior to April 24, 1996. *See Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001) ("[I]n the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the

effective date of the Act, April 24, 1996, in which to file a federal habeas petition.") (citing *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Thus, White could have filed a habeus corpus petition any time before April 24, 1997. However, he did not.

Furthermore, between April of 1997 and the commencement of White's first PCR application in April of 2002, nearly five years passed. The special interrogatories provided White with an opportunity to explain this delay. However, White did not assert any reasons for the delay or provide the court with any grounds to support equitable tolling. In *McMillan v. Jarvis*, the Fourth Circuit Court of Appeals stated:

> [W]hen a federal habeus court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be untimely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

332 F.3d 244, 249 (4th Cir. 2003). Thus, although the Fourth Circuit has mandated extra caution in *sua sponte* dismissals of untimely petitions, White has received sufficient notice and opportunity to explain his delay in filing. Because White has not provided any valid reason to explain his delay or to justify equitable tolling, the court must dismiss his petition. Furthermore, in his objections to the R&R, White makes no attempt to explain his delay in filing other than to assert that his petition is not time-barred under 28 U.S.C. § 2244(d)(D) "because a factual predicate such as the essential elements being included in the indictment could not have been previously discovered through the exercise of due diligence." (Obj. at 6.) The court finds this objection wholly without merit. Accordingly, the court concludes that White's petition is time-barred pursuant to the AEDPA.

4

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that White's petition for a writ of habeus corpus is **DISMISSED**.

                                             **AND IT IS SO ORDERED.**

                                            PATRICK MICHAEL DUFFY
                                            United States District Judge

**Charleston, South Carolina**
**November 30, 2005**

5